**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARIE DIFIORE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 13-05027 |
| | : | |
| CSL BEHRING, U.S., LLC, et al., | : | |
| | : | |
| Defendants. | : | |

**<u>MOTION OF DEFENDANT CSL BEHRING LLC FOR A PROTECTIVE ORDER</u>**

Pursuant to Rule 26(c) of the Federal Rules of the Civil Procedure, Defendant

CSL Behring, LLC ("CSL Behring"), through its undersigned counsel, respectfully moves for

the entry of the accompanying protective order related to the Amended Notice of Deposition

issued by Plaintiff pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.  In support

of this motion, CSL Behring relies upon the accompanying memorandum of law.


Dated:  July 20, 2015

/s/ Kelly T. Kindig
David S. Fryman (I.D. No. 57623)
Kelly T. Kindig (I.D. No. 203278)
Ashley L. Wilson (I.D. No. 309321)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
(215) 665-8500

*Attorneys for Defendant CSL Behring, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARIE DIFIORE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 13-05027 |
| | : | |
| CSL BEHRING, U.S., LLC, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF**
**DEFENDANT CSL BEHRING, LLC FOR A PROTECTIVE ORDER**

Defendant CSL Behring, LLC ("CSL Behring"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Further Support of Its Motion for a Protective Order relating to the Notice of Deposition issued by Plaintiff Marie DiFiore pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("the Rule 30(b)(6) Notice").

**I.     INTRODUCTION AND BACKGROUND**

CSL Behring seeks a protective order as to a number of topics listed in the Rule 30(b)(6) Notice on the basis that the requests are overly broad, irrelevant to Plaintiff's claims, and duplicative of other discovery in this employment action, in which Plaintiff alleges that CSL Behring, her former employer, retaliated against and constructively discharged her when she raised concerns about certain CSL Behring pharmaceutical products. Specifically, Plaintiff, who was a marketing director for CSL Behring, alleges that she complained at various points during the four years CSL Behring employed her regarding sales forecasting for RiaSTAP® and CSL Behring's marketing plans for Beriplex®, activities that she alleges constituted illegal, off-label marketing of those products. According to Plaintiff, her supervisor, Janice Cannizzo, retaliated against her for raising these concerns, by disciplining her and placing her on a performance improvement plan. Plaintiff further alleges that, as a result of her opposition to these supposedly

unlawful practices, she was subjected to constant criticism and a hostile work environment, to the point where she believed that she was forced to resign.

The parties currently are engaged in discovery, having exchanged written discovery requests and produced documents.  Plaintiff served two sets of interrogatories and document requests, to which CSL Behring has responded.  In response to Plaintiff's document requests, CSL Behring has produced over 21,000 pages of documents.  The parties have begun depositions of key fact witnesses, including Plaintiff.  Plaintiff has deposed, or will depose, the following CSL Behring witnesses:

- Ms. Cannizzo, who directly supervised Plaintiff for the duration of her employment with CSL Behring and who has knowledge of Plaintiff's employment with CSL Behring, her job performance (including discipline that she issued to Plaintiff and Plaintiff's performance improvement plan), concerns that Plaintiff and other employees raised, CSL Behring's response to those concerns, and CSL Behring's sales forecasting and marketing practices with respect to RiaSTAP and Beriplex;

- Lynne Powell, who was Ms. Cannizzo's supervisor and who also has knowledge of Plaintiff's employment with CSL Behring, concerns that Plaintiff and other employees raised, CSL Behring's response to those concerns, and CSL Behring's sales forecasting and marketing practices with respect to RiaSTAP and Beriplex;

- Trina Hendri, CSL Behring's Human Resources Director, who was consulted with respect to the discipline that Plaintiff received and Plaintiff's performance improvement plan; and

- John Neff, Esquire, a CSL Behring in-house attorney, whose responsibilities during the relevant time included compliance, and who has knowledge of Plaintiff's forecasting concerns; CSL Behring's response to those concerns and concerns raised by other employees; and CSL Behring's compliance programs and training.

Despite deposing her supervisor, her supervisor's supervisor, the responsible human resources director, and a CSL Behring in-house attorney responsible for compliance, all of whom have personal knowledge of Plaintiff's employment with CSL Behring, the concerns that she raised, and CSL Behring's response to those concerns, Plaintiff nonetheless also seeks to

depose a corporate designee as to 43 separate topics, many of which cover the same ground as the information that will be covered in the depositions of the fact witnesses.  The parties have conferred regarding the scope of the topics listed in the Rule 30(b)(6) Notice, and have reached agreement as to some, but not all, of the topics.  Accordingly, as set forth below, CSL Behring seeks a protective order as to those topics on which the parties have not reached agreement.[1]

## II.    ARGUMENT

### A.    <u>Legal Standard</u>

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides for the appointment of a corporate designee to testify on behalf of a corporate entity on matters designated by the deposing party.  The rule imposes on the parties reciprocal obligations, in that the requesting party must "describe with reasonable particularity the matters on which examination is requested" and the corporation must produce an individual with knowledge of those matters.  Fed. R. Civ. P. 30(b)(6).  The "ultimate underlying purpose[]" of the corporation's duty under Rule 30(b)(6) is to "prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying,' which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself."  <u>Alexander v. F.B.I.</u>, 186 F.R.D. 137, 141 (D.D.C. 1998).

Designations under Rule 30(b)(6) are not limitless, and parties seeking discovery should not expect to obtain discovery on extraneous matters.  <u>See, e.g.</u>, <u>Barron v. Caterpillar</u>,

---

[1]    The original 30(b)(6) notice contained 48 topics.  Through conferral, Plaintiff agreed to drop five topics, and the parties have agreed upon language for 14 topics.  Consequently, there remain 29 topics that are the subject of this Motion.  Exhibit A, which is the amended notice, reflects the parties' efforts to resolve their disputes and the resulting changes to the 30(b)(6) Notice.

Inc., 168 F.R.D. 175, 177-78 (E.D. Pa. 1996); Costa v. County of Burlington, 254 F.R.D. 187, 189-91 (D.N.J. 2008).  Rather, Rule 30(b)(6) depositions are subject to the same limitations imposed by Rule 26 as other forms of discovery, meaning that a plaintiff may only discover relevant, nonprivileged information - *i.e.*, information "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Moreover, a district court may limit the extent of discovery otherwise allowed where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy," and "the importance of the issues at stake in the action," including by issuing a protective order.  Fed. R. Civ. P. 26(b)(2)(C)(iii).  District courts faced with a motion for a protective order are given wide latitude to fashion an appropriate remedy.  Gallas v. Supreme Court of Pa., 211 F.3d 760, 778 (3d Cir. 2000) (holding that a "district court's conduct of discovery procedures[,] absent a demonstration that the court's action made it impossible to obtain crucial evidence," will not be disrupted).

### B. This Court Should Reject Deposition Topics That Are Overly Broad, Not Relevant To Any Claims Or Defenses In This Action, And Not Reasonably Calculated To Lead To The Discovery Of Admissible Evidence.

#### 1. Topics 1 through 8, 10 and 11

In Topics 1 through 8, 10 and 11, Plaintiff seeks discovery that is readily available through the testimony of the witnesses she knows possess the information, whose testimony can bind the company just like 30(b)(6) testimony on the subject, and whom she already has deposed or plans to depose in their individual capacities.  In these topics, Plaintiff requests testimony as to the "full and complete" details regarding Plaintiff's employment, such as details related to discipline she received and her job performance.  There is simply no basis to depose CSL Behring's corporate designee on these topics.  As an initial matter, Plaintiff already knows the individuals who are likely to have discoverable information relevant to Plaintiff's employment.

Indeed, CSL Behring identified for Plaintiff those persons likely to have discoverable information relevant to Plaintiff's employment in its Initial Disclosures.  (See Rule 26 Disclosures of CSL Behring, attached as Exhibit B).  In addition, Plaintiff already noticed depositions for her immediate supervisor, her supervisor's manager, and the relevant Human Resources manager, all of whom will testify as to the factual details of Plaintiff's employment based on their personal knowledge.  As a result, there is no need for a corporate designee to testify on these issues, and requiring CSL Behring to produce and prepare a corporate designee to testify regarding the same information as these individuals is duplicative, harassing, and unduly burdensome.[2]  See Heron v. Potter, No. 03-313, 2006 WL 3703693, at *1 (D. Del. Oct. 23, 2006) (holding that 30(b)(6) deposition notice that sought testimony on the facts underlying a "major element of Plaintiff's prima facie case" was improper when other discovery tools existed to seek underlying facts).

Plaintiff likely will argue that deposing CSL Behring's corporate designee on these topics is necessary because the testimony of Ms. Cannizzo, Ms. Powell, Ms. Hendri, and Mr. Neff is not binding on CSL Behring.  Although Rule 30(b)(6) testimony is binding on a company, it is not binding on the company in the way that a judicial admission is.  See Industrial Hard Chrome, Ltd. v. Hetran, Inc., 92 F. Supp. 2d 786, 791 (N.D. Ill. 2000) ("[Rule 30(b)(6)] testimony is not a judicial admission that ultimately decides an issue.  The testimony given at a Rule 30(b)(6) deposition is evidence which, like any other deposition testimony, can be contradicted and used for impeachment purposes."); see also Hyde v. Stanley Tools, 107 F. Supp. 2d 992, 992-93 (E.D. La. 2000) ("[While a] court may disregard affidavit which directly

---

[2]     Indeed, last week, Plaintiff took Ms. Cannizzo's deposition, during which Plaintiff's counsel questioned her extensively regarding the concerns Plaintiff raised with her and others, and the aspects of Plaintiff's performance she found deficient.

contradicts an earlier 30(b)(6)deposition . . . [c]ourts have allowed a contradictory or inconsistent affidavit to nonetheless be admitted if it is accompanied by a reasonable explanation.").  Thus, although CSL Behring is "bound" by its Rule 30(b)(6) testimony, all this means is that the witness has committed to a position at a particular point in time.  Essentially, it is evidence, nothing more.  Viewed in this light, there exists no basis to require CSL Behring to produce corporate designees to cover the same "binding" ground Plaintiff can cover with Ms. Hendri and Mr. Neff (and has covered with Ms. Cannizzo).

Accordingly, CSL Behring seeks a Protective Order that Topics 1 through 8, 10, and 11 contained in the Rule 30(b)(6) Notice be stricken.

### 2.     Topic 12

In Topic 12, Plaintiff seeks the testimony on post-lawsuit discussion of Plaintiff's claims and defenses to those claims:

> full and complete details of each and every meeting held by or attended by any management level employee, human resources employee, supervisor above Ms. DiFiore in her chain of command, owner or principal of CSL where the subject matter of Ms. DiFiore's claims, or CSL's defenses were discussed including identification of the individuals in attendance, date, location, and substance of each such meeting.

As an initial matter, this topic, to the extent it is limited to meetings regarding CSL Behring's defense to the Complaint, is overly broad because it seeks testimony that is protected by the attorney-client privilege and the work product doctrine.

The request for any non-privileged testimony that remains is of dubious relevance and is unduly burdensome and unreasonable.  CSL Behring is mindful that relevance in discovery does not equate to admissibility at trial, but a request for testimony regarding discussion of claims (and defenses), which necessarily could not take place until after Plaintiff filed the Complaint (approximately one year after she resigned) is tangential at best.  And as a

practical matter, CSL Behring is unable to adequately prepare a witness to capture the "full and complete details of each and every meeting held by or attended by any management level employee, human resources employee, supervisor above [Plaintiff] in her chain of command, owner or principal of CSL" regarding CSL Behring's defenses to the Complaint, nor should it be required to do so.  Moreover, to the extent that Plaintiff seeks testimony regarding any meetings at which the subject matter of her claims were discussed, she already has deposed her direct supervisor, and will be deposing her supervisor's supervisor and the responsible human resources director, which will capture any such meetings, as noted above.

Accordingly, CSL Behring seeks a Protective Order that Topic 12 of the Rule 30(b)(6) Notice be stricken.

### 3.      Topic 21

In Topic 21, Plaintiff seeks far ranging testimony concerning reports of off-label marketing unrelated to the subject of the Complaint – alleged retaliatory action against her:

> complaint(s), charge(s), report(s) or allegation(s), whether formal or informal, written or oral, raising issues of off-label marketing made by any present or former employee of CSL to any management level employee, human resources employee, supervisor above Ms. DiFiore in her chain of command, owner or principal of CSL at any time between Ms. DiFiore's hire and December 31, 2013, including the nature and date of the complaint, the identity of the complainant, the identity of the persons who received or were counseled in connection with each complaint, and any actions taken to rectify the situation or as a result of the complaint.

This is an employment case.  Other complaints about off-label marketing are irrelevant to Plaintiff's claims that CSL Behring retaliated against her for complaints of off-label marketing that she raised.  Furthermore, even if CSL Behring engaged in off-label marketing, which CSL Behring strenuously denies, this fact does not make it more likely that CSL Behring retaliated against Plaintiff.

Separately, this topic is unduly burdensome and unreasonable because CSL Behring is unable to adequately prepare a witness to capture the information requested, nor should it be required to do so.  On a daily basis, CSL Behring employees engage in discussions regarding how best to market their products in the best way possible to avoid exposure to allegations of off-label marketing and to ensure that CSL Behring is complying with applicable laws and regulations.  Many of these discussions are informal, often occurring over e-mail and resolved at that level.[3]  CSL Behring does not dispute that other employees raised concerns; in fact, it trains them to do so.  That being said, requiring CSL Behring to prepare a witness to testify to each and every complaint, formal or informal, from *any* employee to *any* management level employee, human resources employee, supervisor above Plaintiff in her chain of command, owner or principal of CSL Behring regarding off-label marketing is unduly burdensome.

Finally, this topic is overly broad because it is not limited to off-label complaints about RiaSTAP and Beriplex, the two pharmaceutical products about which Plaintiff alleges she raised complaints of off-label marketing.  Any complaints or concerns about the marketing of any of CSL Behring's other pharmaceutical products would involve different concerns and be irrelevant to the issues here.

CSL Behring thus seeks a Protective Order that Topic 21 be stricken.

### 4.    Topics 24 through 26

In Topics 24 through 26, Plaintiff seeks testimony as to the "full and complete reasons for the contention, if CSL [Behring] makes such a contention," that any complaints

---

[3]    In fact, Plaintiff already has in her possession numerous emails that CSL Behring produced that evidence the frequency with which employees discussed routine compliance issues, identified possible areas of improvement, and resolved compliance issues.  As a biopharmaceutical company, CSL Behring operates in a highly regulated industry, and focus on compliance is a key aspect of all employees' day-to-day job duties.

raised by Plaintiff regarding off-label marketing, compliance issues, unethical practices, and/or illegal conduct were unfounded (Topic 24), and that CSL Behring's alleged efforts to partner with Rotem and Haemonetics, two unrelated, third-party companies, does not suggest that CSL Behring was engaged in off-label marketing (Topics 25 and 26).

It is irrelevant whether CSL Behring maintains that Plaintiff's complaints regarding off-label marketing, compliance issues, unethical practices, and/or illegal conduct were unfounded.  Similarly, it is irrelevant whether CSL Behring's discussions with third-party companies suggested that CSL Behring was engaged in off-label marketing.  (Again, CSL Behring strenuously denies such a suggestion).  Even if Plaintiff's complaints were founded, and CSL Behring's reasons for its discussions with these organizations were those Plaintiff alleges, these facts do not make it more likely that CSL Behring retaliated against Plaintiff.

Finally, in any event, there is no need for such testimony.  Just like Topics 1 through 8, 10, and 11, Plaintiff has already noticed the depositions of witnesses in a position to answer these questions, and, in the case of Ms. Cannizzo, already has the answers.  Indeed, Plaintiff's counsel questioned Ms. Cannizzo regarding whether each of Plaintiff's concerns were founded, and regarding whether the discussion she (Ms. Cannizzo) and Ms. Powell had with Rotem reflected off-label marketing (it did not).  Requiring CSL Behring to produce a corporate designee on the same issues is duplicative, burdensome, and inefficient.

Accordingly, CSL Behring seeks a Protective Order that Topics 24 through 26 be stricken.

### 5.      Topics 29 and 30

In Topics 29 and 30, Plaintiff seeks testimony as to "[a]ny and all performance evaluations or job reviews, formal or informal," and "[a]ny and all disciplinary action, formal or informal," of former CSL Behring employees Janice Cannizzo, Lynne Powell, and Allan

Alexander.[4]  These topics are overly broad and vague because they request testimony regarding both formal and informal evaluations, reviews and discipline.  Any "informal" review or discipline to which Ms. Cannizzo, Ms. Powell, or Dr. Alexander was a party is irrelevant here, and CSL Behring is unable to determine what constitutes an "informal" review or discipline.  As a result, CSL Behring cannot adequately prepare a witness to testify on that subject.

Separately, these individuals' performance evaluations, job reviews and discipline are irrelevant to the subject matter of this action, because the job performance of these individuals is not at all relevant to whether Plaintiff was retaliated against for raising concerns. Whether Plaintiff's supervisor and her supervisor's supervisor performed their job duties well or poorly is irrelevant to Plaintiff's retaliation claims.  Similarly, there is no relevance to whether a colleague who had no responsibility for Plaintiff's terms and conditions of employment performed well or poorly.  To the extent this Court allows testimony regarding any formal evaluation, review or discipline for these individuals, such testimony should be limited to formal evaluations, reviews or discipline that relate to Plaintiff.

CSL Behring thus seeks a Protective Order that Topics 29 and 30 be stricken, or that the discovery sought therein be appropriately limited in scope.

### 6.     Topic 31

In Topic 31, Plaintiff requests testimony as to "[t]he full and complete details of Janice Cannizzo, Lynne Powell, Ingolf Sieper and Allan Alexander's employment with CSL including dates of employment, supervisory authority, supervisor(s), location(s) where worked,

---

[4]      Dr. Allan Alexander was a coworker of Plaintiff, who was a member of Medical Affairs, not Marketing, who reported to a different supervisor, and who had no control over the terms and conditions of Plaintiff's employment.

rates of pay, job description and essential job functions."[5]  As an initial matter, CSL Behring already has provided this information in response to a nearly identical interrogatory propounded by Plaintiff.  Where information sought through a Rule 30(b)(6) deposition is available through less burdensome and less costly means, courts have routinely exercised their discretion to require the party to utilize the less burdensome discovery device.  See, e.g., Smith v. Univ. of Pa., No. 05-CV-525, 2006 WL 1722402, at *2 (E.D. Pa. June 21, 2006) (noting the propriety of converting an onerous 30(b)(6) deposition notice to interrogatories and requests for production of documents); Smithkline Beecham Corp. v. Apotex Corp., No. 98 C. 3952, 2000 WL 116082, at *9-10 (N.D. Ill. 2000) (finding that interrogatories were more efficient than a Rule 30(b)(6) deposition in providing information).  CSL Behring already provided information regarding the employment of Ms. Cannizzo, Ms. Powell, Dr. Sieper and Dr. Alexander in its interrogatory responses.  (See Objections and Responses of Defendant CSL Behring, LLC to Plaintiff's First Set of Interrogatories, attached as Exhibit C, at Interrogatories 17-20 ).  Thus, Plaintiff should be instructed to rely on CSL Behring's verified interrogatory response.

Separately, this topic is overly broad and vague because it requests the "full and complete details" of these individuals' employment.  CSL Behring is unable to adequately prepare a witness to testify as to the "full and complete" details of these former employees' employment because it is unclear what "full and complete" means.  Moreover, to the extent that Plaintiff seeks the salaries of these former employees, such a request should be denied, as it is irrelevant to Plaintiff's claims.

---

[5]    Dr. Ingolf Seiper was, during the relevant time, the Executive Vice President of Commercial Operations for CSL Behring, and is no longer employed by CSL Behring.

Accordingly, CSL Behring seeks a Protective Order that Topic 31 be stricken, or that the discovery sought therein be appropriately limited in scope.

### 7.    Topic 32

In Topic 32, Plaintiff seeks testimony regarding other complaints of retaliation:

> [a]ny and all complaints of retaliation made by any of CSL's employees other than Ms. DiFiore against Janice Cannizzo, Lynne Powell, Allan Alexander, or any individual responsible for the decision to discipline Plaintiff at any time from the beginning of Ms. DiFiore's employment with CSL through the present.

This topic is overly broad and irrelevant to the subject matter at issue because it seeks testimony regarding "[a]ny and all complaints of retaliation."  Yet, testimony regarding complaints of retaliation made against these individuals for any issue other than whistleblower retaliation are irrelevant to Plaintiff's claims.

Separately, CSL Behring already provided information regarding complaints of whistleblower retaliation during the relevant time period in its response to Plaintiff's interrogatories.  (See CSL Behring's Objections and Responses to Plaintiff's First Set of Interrogatories, Ex. C, at Interrogatory 10).  This topic thus is duplicative, and requiring CSL Behring to prepare and produce a 30(b)(6) witness is an inefficient discovery method.  Instead, this Court should instruct Plaintiff to rely on CSL Behring's interrogatory response.  See, e.g., Smith, 2006 WL 1722402, at *2 (noting the propriety of converting an onerous 30(b)(6) deposition notice to interrogatories and requests for production of documents); Smithkline Beecham Corp., 2000 WL 116082, at *9-10 (finding that interrogatories were more efficient than a Rule 30(b)(6) deposition in providing information).

Accordingly, CSL Behring seeks a Protective Order that Topic 32 be stricken, or that the discovery sought therein be appropriately limited in scope to the information already provided in CSL Behring's verified interrogatory responses.

8.      **Topics 33 and 34**

Topic 33 seeks information regarding other CSL employees who were placed on a

performance improvement plan, along with no less than eight subtopics related to various issues,

such as whether those employees successfully completed the performance improvement plan,

how long they remained employed thereafter and whether they were offered severance, while

Topic 34 seeks similar information related to CSL Behring employees who were offered

severance:

> The identification of employees of CSL of Ms. DiFiore's level or
> higher at CSL including, but not limited to, their job titles and last
> contact information who were offered severance packages in lieu
> of CSL placing such employees on a performance improvement
> plan, or who resigned after CSL had decided to place such
> employee on a performance improvement plan but prior to CSL
> formally placing such employee on a performance improvement
> plan.

These requests are overly broad and irrelevant to Plaintiff's claims.  Whether an employee who

reports to a different supervisor was placed on a performance improvement plan, and that

employee's relative "success" in improving his or her performance, will shed no light on whether

Plaintiff's supervisor retaliated against her for reporting compliance issues by placing her on a

performance improvement plan.  Moreover, Plaintiff never began complying with her

performance improvement plan, let alone completed it, as she submitted her resignation a week

after being presented with it.  The information Plaintiff seeks regarding other employees'

circumstances is irrelevant to the claims at issue.

Similarly, whether other employees have been offered severance is irrelevant to

Plaintiff's claims.  Three business days before she resigned, Plaintiff asked Ms. Cannizzo and

Ms. Hendri whether CSL Behring would offer her severance if she were to resign from

employment.  Ms. Cannizzo and Ms. Hendri offered to discuss that issue with their superiors,

and, according to Plaintiff, her request was "under review" when she submitted her resignation. (See Plaintiff's Resignation Memorandum, attached as Exhibit D). Consequently, whether CSL Behring has offered severance to other employees is not relevant to Plaintiff's claims, as CSL Behring had not decided one way or the other as to whether it would offer her a severance package if she were to resign.

Accordingly, CSL Behring seeks a Protective Order that Topics 33 and 34 be stricken, or that the discovery sought therein be appropriately limited in scope to information related to employees reporting to Ms. Cannizzo.

### 9.      Topic 35

In Topic 35, Plaintiff seeks the "full and complete details, circumstances and reasons" for "CSL Behring's decision to terminate and/or end" the employment of Dr. Alexander, "including whether any evaluations, complaints, counseling or discipline contributed in whole or in part to CSL's decision." The information that Plaintiff seeks in this topic is irrelevant to Plaintiff's claims in this case. The circumstances of Dr. Alexander's separation from employment with CSL Behring (which occurred after Plaintiff resigned) are not relevant to Plaintiff's claims of whistleblower retaliation.

Moreover, a 30(b)(6) deposition is an inefficient means of obtaining information about this topic, as CSL Behring already has produced documents related to Dr. Alexander's separation from employment. Specifically, Plaintiff already possesses Dr. Alexander's resignation letter, which demonstrates that the "decision to terminate and/or end" Dr. Alexander's employment was not CSL Behring's, as well as Dr. Alexander's exit interview form.

Accordingly, CSL Behring requests that this Court deny Plaintiff's request for the discovery sought in Topic 35.

10.      **Topic 38**

In Topic 38, Plaintiff seeks information that is overly broad and duplicative of

discovery already sought and provided.   Specifically, this topic seeks information related to CSL

Behring employees who had corporate credit cards, as follows:[6]

> The identification, for the time period from Ms. DiFiore's hire
> through December 31, 2013, of employees of CSL other than Ms.
> DiFiore who were issued corporate American Express or other
> credit cards and had past due balances on such cards at any time,
> failed to submit monthly expense reports, and/or used their
> corporate card for personal use including their job titles, last
> contact information, and whether the identified employees were
> disciplined (including the nature and severity of such discipline) as
> a result of their past due balances, failure to submit monthly
> expense reports, and/or personal use.

This topic is duplicative because Plaintiff already sought this information in the form of an

interrogatory.  (See CSL Behring's Supplemental Objections and Responses to Plaintiff's Second

Set of Interrogatories, attached as Exhibit E).  CSL Behring responded to that interrogatory with

information related to employees who reported to the same supervisor as Plaintiff, given that

information related to employees other than those who reported Ms. Cannizzo is irrelevant to

Plaintiff's retaliation claims.  CSL Behring also provided documents related to those employees

identified in response to Plaintiff's interrogatory, as Plaintiff also propounded a document

request on this topic.

Plaintiff now seeks the same information, which already is in her possession, in

the form of a 30(b)(6) deposition.  The use of such duplicative discovery methods is overly

---

[6]      CSL Behring provided Plaintiff with a corporate American Express (AMEX) card for
business use.  In February 2012, Plaintiff received a written warning for violating CSL
Behring's AMEX Policy, because she had a past-due balance on her corporate account on
a number of occasions and failed to reconcile her monthly business expenses, as required
by the AMEX Policy.  That warning was mentioned, along with several other
performance deficiencies, in Plaintiff's performance improvement plan.

burdensome, inefficient and a waste of the parties' resources.  See <u>ACLU v. Gonzales</u>, 237

F.R.D. 120, 122-23 (E.D. Pa. 2006) (acknowledging earlier decision in that case to quash Rule

30(b)(6) deposition and direct use of written interrogatories).  Thus, CSL Behring requests that

this Court deny Plaintiff's request for the discovery sought in Topic 38.

          **11.**      **Topic 40**

Topic 40 requests information related to any litigation or administrative charge in

which Dr. Sieper, Ms. Powell, Ms. Cannizzo, or any decision maker with respect to the decision

to discipline Ms. DiFiore "was, or is, a party or witness, or in which such individual's name has

appeared in a Complaint or administrative charge," in connection with their employment with

CSL Behring.  This request is overly broad, in that it is not limited to litigation or administrative

charges related to whistleblower retaliation.  Whether any of the individuals identified were

witnesses in a workers' compensation claim, product liability suit, an employment discrimination

case or any other matter unrelated to whistleblower retaliation has nothing to do with Plaintiff's

claims in this case.

In addition, Plaintiff already has sought information regarding any lawsuits to

which CSL Behring is a party.  (<u>See</u> CSL Behring's Objections and Responses to Plaintiff's First

Set of Interrogatories, Ex. C, at Interrogatory 11).  In response to that verified interrogatory, CSL

Behring stated that it has not been a party to any other lawsuits alleging whistleblower retaliation

or wrongful discharge.  Thus, Plaintiff should be instructed to rely on CSL Behring's verified

interrogatory responses for this information.

Consequently, CSL Behring respectfully requests that this Court issue a

Protective Order denying the discovery requested in Topic 40.

12.     **Topic 41**

In Topic 41, Plaintiff seeks information related to CSL Behring's document preservation and collection efforts in this litigation.  This information is privileged and not subject to discovery absent allegations that CSL Behring has not complied with its obligations to preserve and produce relevant information.  See Major Tours v. Colorel, No. 05-3091, 2009 WL 2413631 (D.N.J. Aug. 4 2009) (holding that a party's litigation hold memorandum was privileged and not subject to discovery absent evidence that a party has not taken adequate steps to preserve documents); Magnetar v Technologies Corp. v. Six Flags Theme Park, 886 F. Supp. 2d 466 (D. Del. 2012) (same).

Here, Plaintiff has made no allegation whatsoever that CSL Behring did not adequately preserve documents, nor has she claimed that CSL Behring's significant document production in this matter (more than 21,000 pages) is lacking.  Moreover, counsel for CSL Behring has been transparent in its efforts to collect relevant documents from relevant custodians, engaging in detailed discussions with Plaintiff's counsel regarding the custodians whose electronically-stored information was searched and the search terms applied to the information collected.  Plaintiff's counsel had input into that process, requesting additional custodians and search terms, to which CSL Behring agreed.  Accordingly, a 30(b)(6) deposition on this issue would be irrelevant and a waste of the parties' resources, as no basis for allowing this discovery exists.

13.     **Topics 42 and 43**

Topics 42 and 43 seek information related to communications between CSL Behring regarding Dr. Sieper's availability as a witness for trial or to be deposed, as well as the substance of communications between CSL Behring's counsel and Dr. Sieper after his separation from employment with CSL Behring.  This information clearly is irrelevant to Plaintiff's

whistleblower retaliation claims, given that it focuses solely on the time period following Dr. Sieper's employment with CSL Behring, which was years after Plaintiff resigned from CSL Behring. Moreover, Plaintiff has not alleged that Dr. Sieper took any adverse action against her or otherwise retaliated against her.

Plaintiff likely will contend that counsel for CSL Behring attempted to prevent Plaintiff from deposing Dr. Sieper because CSL Behring informed counsel for Plaintiff that CSL Behring would not produce Dr. Sieper, a former employee, for a deposition. Such a contention, however, lacks merit, as Plaintiff has had ample time to pursue Dr. Sieper's deposition. Plaintiff noticed Dr. Sieper's deposition on January 27, 2014, but made no effort to take his deposition at that time, or, for that matter, at any other time in the last 18 months. Plaintiff has known since October 20, 2014 – over eight months ago – that Dr. Sieper's employment with CSL Behring terminated at the end of June 2014. Moreover, Plaintiff also knew by February 7, 2015, that Dr. Sieper was living in Germany, and by February 18, 2015, that CSL Behring likely would not facilitate his deposition. CSL Behring provided Dr. Sieper's last known address so that Plaintiff could subpoena him. Plaintiff's counsel, however, has failed to take any steps to subpoena Dr. Sieper for deposition.[7]

In short, any information related to communications between Dr. Sieper and CSL Behring's counsel after the termination of his employment is irrelevant to Plaintiff's whistleblower retaliation claims. CSL Behring, therefore, seeks a Protective Order that Topics 42 and 43 be stricken.

---

[7]     CSL Behring did facilitate the depositions of former employees Cannizzo and Powell, Plaintiff's superiors, given their key roles in the management of Plaintiff's employment and alleged retaliation. Dr. Sieper played no such role.

**III.    CONCLUSION**

For the foregoing reasons, CSL Behring respectfully requests that this Court enter a Protective Order striking Topics 1 through 8, 10 through 12, 21, 24 through 26, 29 through 35, 38, and 40 through 43 identified in the 30(b)(6) Notice.


Respectfully submitted,


Dated:  July 20, 2015                         /s/ Kelly T. Kindig
                                              David S. Fryman (I.D. No. 57623)
                                              Kelly T. Kindig (I.D. No. 203278)
                                              Ashley L. Wilson (I.D. No. 309321)
                                              BALLARD SPAHR LLP
                                              1735 Market Street, 51st Floor
                                              Philadelphia, PA  19103-7599
                                              (215) 665-8500

                                              *Attorneys for Defendant CSL Behring, LLC*

## <u>CERTIFICATION OF COUNSEL</u>

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 26.1(f), the

undersigned counsel hereby certifies that, after reasonable effort, as set forth in the foregoing

motion and accompanying memorandum of law, the parties have been unable to resolve this

dispute.


Dated:  July 20, 2015                    /s/ Kelly T. Kindig
                                         David S. Fryman (I.D. No. 57623)
                                         Kelly T. Kindig (I.D. No. 203278)
                                         Ashley L. Wilson (I.D. No. 309321)
                                         BALLARD SPAHR LLP
                                         1735 Market Street, 51st Floor
                                         Philadelphia, PA  19103-7599
                                         (215) 665-8500

                                         *Attorneys for Defendant CSL Behring, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this date, I caused the foregoing Motion of Defendant

CSL Behring, LLC for a Protective Order to be filed electronically and that a true and correct

copy is available for viewing and downloading on the ECF system.


Dated:  July 17, 2015                        /s/ Kelly T. Kindig_____
                                             Kelly T. Kindig