IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIE DIFIORE,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | **No. 13-5027** |
| v. | : | |
| | : | |
| **CSL BEHRING, U.S., LLC, et al.,** | : | |
| Defendants. | : | |

**MCHUGH, J.**                                                                                         **SEPTEMBER 11, 2015**

**MEMORANDUM**

Defendant CSL Behring, LLC has filed a Motion for a Protective Order to strike several topics identified by Plaintiff in a Notice of Deposition and served on Defendant in accordance with Fed. R. Civ. P. 30(b)(6). Defendant contends that, for varying reasons, these topics are inappropriate for a Rule 30(b)(6) deposition of a corporate designee. For the reasons discussed below, I grant Defendant's motion, but only in part.

**Topics 1 through 8, 10 through 11**

Defendant objects to these topics on the ground that discovery would be duplicative and unduly burdensome. Defendant argues that discovery on these topics is duplicative and burdensome because the information sought is readily available through the testimony of witnesses whom Plaintiff has already deposed or plans to depose in their individual capacities. CSL argues that because this prior testimony is to some extent binding in the same way as a 30(b)(6) deposition, the corporation is relieved from having to designate a corporate spokesperson on the issue. Mem. Supp. Def.'s Mot. for a Protective Order, at 4–6.

1

This argument obscures the differences between individually named deponents and a 30(b)(6) designee.  A corporation is "bound" by a 30(b)(6) deponent's testimony concerning factual matters.  *Ierardi v. Lorillard, Inc.*, No. 90-7049, 1991 WL 158911, at *2 (E.D. Pa. Aug. 13, 1991) (noting that the advantage of examining a deponent as an officer of the adverse party rather than as a mere fact witness is that "[a]dmissions made by the deponent will be binding on his principal."); CSL is correct that a 30(b)(6) deponent's testimony is generally not considered by judges in this District to be a "judicial admission absolutely binding" on the corporation. [1] *Ozburn-Hessey Logistics, LLC v. 721 Logistics, LLC*, 40 F. Supp. 3d 437, 451 (E.D. Pa. 2014) (citing *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 212 (E.D. Pa. 2008)).  Therefore, the corporation may still be permitted to present evidence at trial contradicting the testimony of a 30(b)(6) deponent.

There is nonetheless a meaningful difference between a corporate designee and an individual witness.  The organization represents that a 30(b)(6) deponent, unlike a lower level employee, is authorized to speak for it on the issue in terms of both facts *and* "subjective beliefs and opinions."  *Lapenna v. Upjohn Co.*, 110 F.R.D. 15, 20 (E.D. Pa. 1986).  In addition, pursuant to Rule 32(a)(2), a party may use the testimony given by a 30(b)(6) deponent to contradict the position of the corporation itself at trial, whether or not the original deponent is available to testify.  *See* DENNIS R. SUPLEE, ET AL., THE DEPOSITION HANDBOOK 84 (5th ed. 2011).

Many other courts have not found the purported redundancy of deposing both individual fact witnesses and a corporate designee on similar topics to be an obstacle to a 30(b)(6) deposition.  *See, e.g., Foster–Miller, Inc. v. Babcock & Wilcox Canada*, 210 F.3d 1, 17 (1st Cir. 2000); *Munich Reinsurance Am., Inc. v. Am. Nat. Ins. Co.*, No. 09–6435, 2011 WL 1466369, at

---

[1] The Third Circuit has yet to address this issue.

*26 (D.N.J. Apr. 18, 2011); *Smith v. General Mills, Inc.*, No. C2 04-705, 2006 WL 7276959, at *5 (S.D. Oh. Apr. 13, 2006); *Sabre v. First Dominion Capital, LLC*, No. 01-2145, 2002 WL 31556379 at *2 (S.D.N.Y. Nov. 15, 2002)); *Commodity Futures Trading Comm'n v. Midland Rare Coin Exch. Inc.*, No. 97–7422, 1999 WL 35148749, at *4 (S.D. Fla. July 30, 1999).  In one instance where a court did limit 30(b)(6) depositions on this ground, the corporation had explicitly agreed to be bound by the testimony of an employee previously deposed in his individual capacity.  *Novartis Pharms. Corp. v. Abbott Labs.,* 203 F.R.D. 159, 162–63 (D.Del.2001).  The reasoning of that case is persuasive, but it is easily distinguishable from the present case in which CSL frequently notes that the Plaintiff "will likely argue" it is bound to its employees' testimony, without agreeing to be so bound.

Therefore, I am persuaded that Defendant should still be required to prepare a 30(b)(6) deponent regarding these topics, as they have not agreed to accept their employees' prior testimony as their own.  I therefore **DENY** Defendant's motion to strike these topics.

**Topic 12**

CSL objects to this topic on the ground that certain meetings referenced may be privileged; CSL further argues that if un-privileged meetings discussing these issues occurred, it would be unduly burdensome to prepare a deponent to discuss all relevant meetings due to the frequency with which compliance issues are discussed by employees.  Mem. Supp. Def.'s Mot. for a Protective Order, at 6–7.  Like any matter of privilege, counsel can object to the discussion of privileged matter at the deposition.  I have not been given a sufficient factual basis to determine whether any meetings, if they even occurred, were privileged.  Therefore, it is not enough to strike the topic on that ground.

3

Plaintiff appears to have clarified in her response to the motion that she seeks information regarding any meetings about Plaintiff's complaints or others' claims regarding off-label marketing to which she was not a party. Mem. Supp. Def.'s Mot. for a Protective Order, at 9-10. In light of Plaintiff's clarification, it seems that the burden on Defendant may be properly reduced by limiting the scope of the topic. I therefore **GRANT THE MOTION IN PART** by limiting the topic to any non-privileged meetings concerning Plaintiff's complaints regarding off-label marketing to which she was not a party.

**Topic 21**

Defendant objects to the topic on the ground that other employees' complaints regarding off-label marketing are irrelevant to Plaintiff's claims that she was personally retaliated against for her own complaints. However, it seems apparent that the CSL's reaction to complaints from similarly-situated employees is relevant to Plaintiff's retaliation claim.

In addition, Defendant does not dispute that compliance issues have been raised by employees, and it in fact claims that compliance issues are raised so frequently that it would be unduly burdensome to prepare a deponent to address all such conversations. This argument is more persuasive, especially in light of the fact that Defendant reports to have provided some emails in which employees discuss compliance issues. Mem. Supp. Def.'s Mot. for a Protective Order, at 8. I therefore **GRANT THE MOTION IN PART** by limiting the scope of the topic to any **formal** complaints raising issues of off-label marketing made to the named parties, and not encompassing merely informal reports or discussions of the topic.

4

**Topics 24 through 26**

Defendant objects to this topic based on an argument that the veracity of Plaintiff's allegations regarding off-label marketing is irrelevant to whether she was wrongfully discharged. Similar to the objection for Topic 21, I find this argument unpersuasive. Surely if Plaintiff's complaints were well-founded objections to illegal activity, then that would tend to make it more likely that Defendant retaliated against her for those complaints.

In addition, Defendant says that it "owns" the testimony of its employees, they reflect Defendant's perspective, and Defendant anticipates that Plaintiff will argue they bind the company. Reply Br. Supp. Def.'s Mot. for a Protective Order, at 9. While this gets closer to adopting the testimonies of the employees deposed in their personal capacities, it falls short of actually agreeing to be bound by them. Consequently, there is still value in allowing a 30(b)(6) deponent to testify about this matter. I therefore **DENY** Defendant's motion to strike these topics.

**Topics 29 through 30**

Defendant objects to these topics on the grounds that disciplinary action taken against Plaintiff's supervisors is irrelevant, and to the extent the topic is allowed, it should be limited to formal disciplinary actions so as not to be unduly burdensome. Plaintiff noted that she had at one point offered to restrict the topic to formal procedures, although she does not explicitly offer to do so now.

The relevance of this information is weak, and the confidential nature of a person's personnel history makes me reluctant to allow widespread discovery regarding such an ancillary issue. Since formal disciplinary actions against the named individuals were already addressed in

5

written interrogatories, Objs. and Resps. of Def. to Pl.'s First Set of Interrogs., Ex. 6., at Interrogs. 18-20, I will **GRANT** Defendant's motion to strike this topic.

**Topic 32**

CSL argues that it already answered interrogatories regarding claims of whistleblower retaliation, and any other kind of retaliation is irrelevant. However, I am not persuaded that other forms of retaliation would necessarily be irrelevant. In addition, the interrogatory responses cite one instance of an employee alleging retaliation for complaining about product marketing, but there are no details about the event provided. Objs. and Resps. of Def. to Pl.'s First Set of Interrogs., Ex. 6., at Interrog. 10. This cited event is an appropriate topic for elaboration by a 30(b)(6) witness, so this topic should not be limited on grounds of redundancy. Further, since the topic specifically restricts inquiries to complaints of retaliation made against the three named parties, the scope of other retaliation complaints is sufficiently limited. I therefore **DENY** Defendant's motion to strike this topic.

**Topic 33**

Although Defendant addressed topics 33 and 34 together in its motion, the arguments provided by the parties differ, so I will address them each in turn.

Defendant opposes topic 33 on relevancy grounds. Defendant argues that information about whether other employees were put on Improvement Plans is irrelevant, especially since Plaintiff left before actually beginning her own. Plaintiff argues that a pattern of putting employees on these plans before terminating them is relevant to whether she was constructively discharged.

6

Noting that the constructive discharge issue could prove to be dispositive in this case, this information seems highly relevant. Without information about how many employees have been put on such plans, it is difficult to determine whether it would be unduly burdensome to prepare a witness for this topic, but since the date and seniority level of the employees is limited, I will allow discovery on this topic. I therefore **DENY** Defendant's motion to strike this topic.

**Topic 34**

Defendant objects to topic 34 on the basis of irrelevancy, arguing that since Plaintiff left before discussing the issue of severance, any severance offered to other employees is irrelevant.

I agree that this issue's relevancy seems tangential at best. In addition, it seems like it may be covered in part by topic 33, which asks whether any employees placed on Improvement Plans were offered severance packages. Finally, Plaintiff did not respond to this argument in her Memorandum of Law in Support of Plaintiff's Opposition to the Motion for a Protective Order, seemingly abandoning the issue. For these reasons, I **GRANT** Defendant's motion to strike this topic.

**Topic 38**

Defendant argues the following: this information was already provided in interrogatories as it pertains to Plaintiff's supervisor; it is irrelevant whether employees who reported to a different supervisor were disciplined for misuses of company credit cards; and Plaintiff admitted that the discipline she received for this matter was warranted.

While I am not convinced that Plaintiff's purported admission regarding the appropriateness of the discipline makes the discipline entirely irrelevant to the retaliation claim, I

7

am persuaded that it would be quite burdensome to require Defendant to prepare a deponent to discuss every case of an employee with a different supervisor who carried a past due balance on a credit card.  For this reason, I **GRANT** Defendant's motion to strike this topic.

**Topic 40**

Defendant again raises the argument that Plaintiff has already had the opportunity to depose the named employees on this matter.  I agree with CSL that this presents a circumstance in which prior testimony from individual fact witnesses obviates the need for a 30(b)(6) deposition on the matter.  This topic is distinguishable from topics 1–8, 10, and 11 because it enquires into the activities of certain employees, rather than the corporation itself.  Therefore, Plaintiff gains no advantage by binding the corporation to the testimony of its 30(b)(6) deponent, and these individuals could be involved in proceedings about which the corporation is unaware.  Because Plaintiff has already had the opportunity to present this question to the named individuals, I now **GRANT** Defendant's motion to strike this topic.

      /s/ Gerald Austin McHugh
United States District Court Judge